UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WOODROW, et al. | No. C 06-2155 WDB |
| Plaintiffs. | ORDER DENYING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS |
| v. | |
| SATAKE FAMILY TRUST, et al., | |
| Defendants. | |
| _____/ | |

On March 23, 2006, Plaintiffs filed this fair housing action seeking injunctive, declaratory and monetary relief against Defendants for allegedly discriminating against Plaintiffs on the basis of familial status and for retaliating against Plaintiffs by attempting to evict them after they complained about the discrimination. On May 5, 2006, Defendants answered the Complaint. Defendants also counterclaimed against Plaintiff for breach of contract for the alleged failure by Plaintiffs to vacate the premises after receiving a 60-Day Notice and for failure to pay rent and hold-over damages.

Plaintiffs now move to dismiss Defendants' counterclaim on the ground that the court lacks subject matter jurisdiction to hear the claim. In particular, Plaintiffs argue that the counterclaim is permissive, not compulsory, that no independent basis for jurisdiction lies for the court to hear the claim, and that the court should decline to exercise supplemental jurisdiction under 28 U.S.C. §1367. On July 26, 2006, the court held a hearing on Plaintiffs' motion. Having reviewed and considered the parties' submissions and arguments, the court DENIES Plaintiffs' Motion to Dismiss Counterclaims for the reasons set forth below.

Federal Rule of Civil Procedure 13 defines two types of counterclaims: compulsory and permissive. Compulsory counterclaims "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed R. Civ. Pro. 13(a). In determining whether a counterclaim is compulsory, the Ninth Circuit applies a "logical relationship test," where the court "analyze [s] whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Amer.*, 827 F.2d 1246, 1249 (9th Cir.1987) (*quoting Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir.1978)).

A logical relationship exists when a counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the plaintiff's claim rests activates additional legal rights otherwise dormant in the defendant. *Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir.1992); *see also Moore v. New York Cotton Exch.*, 270 U.S. 593, 610, 46 S.Ct. 367, 70 L.Ed. 750 (1926) ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."); *Pochiro*, 827 F.2d at 1252 (noting the same); *see also Price v. United States (In re Price)*, 42 F.3d 1068, 1073 (7th Cir.1994) ("The pertinent inquiry is whether the claim arises out of the same transaction or occurrence and not whether the claims are from the same transaction or occurrence."); *Albright v. Gates*, 362 F.2d 928, 929 (9th Cir.1966) ("In deciding what is a transaction, we take note that the term gets an increasingly liberal construction.").

By contrast, permissive counterclaims are claims "against an opposing party *not* arising out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(b) (emphasis added). In some circumstances there is an independent basis for jurisdiction over a permissive counterclaim. Where no such independent basis exists, courts routinely exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) where the federal and state claims form part of the same case or controversy under Article III of the United States Constitution and arise from a common nucleus of operative facts. *See e.g., Jones v. Ford Motor Co.*, 358 F.3d 205, 212-213 (2d Cir. 2004).

1          Here, it is arguable that Defendants' counterclaim is compulsory.  The court is not one-
2   hundred percent certain how to give meaning in this context to the "logical relationship" test, as
3   that standard has been elucidated by the Ninth Circuit.  The court nevertheless is very confident
4   that it is constitutional under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over the
5   counterclaim.  At the center of this case is a fight about why Defendants sent a 60-day eviction
6   notice to Plaintiffs. Clearly there is an historically limited time frame and set of interactions
7   between the parties that give rise to the claims <u>and</u> defenses <u>and</u> counterclaims at issue in the
8   case. Accordingly, the federal and state claims form part of the same case or controversy under
9   Article III of the United States Constitution and exercising supplemental jurisdiction is thus
10  entirely appropriate and permissible.

11         Plaintiffs urge the court to decline to exercise supplemental jurisdiction in this case under
12  28 U.S.C. § 1367(c). Under Section 1367(c), the court may decline to exercise supplemental
13  jurisdiction in one of four situations:  if (1) the counterclaim raises a novel or complex issue of
14  State law; (2) the counterclaim substantially predominates over the claim or claims over which
15  the district court has original jurisdiction; (3) the district court has dismissed all claims over
16  which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling
17  reasons for declining jurisdiction.  *See* 28 U.S.C. § 1367(c).

18         Plaintiffs assert that here there is an "exceptional circumstance" to decline jurisdiction
19  under subsection (c)(4), because plaintiffs may be chilled from enforcing housing discrimination
20  claims if they fear being sued for failure to pay rent, among other things, in a counterclaim.  To
21  support their argument, Plaintiffs cite cases involving claims under the Fair Debt Collection
22  Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, where courts declined to hear
23  counterclaims to collect the underlying debt on grounds that allowing such claims would chill
24  plaintiffs from bringing suits under the FDCPA, and because the state debt actions would
25  predominate over the federal FDCPA claims.  *See Sparrow v. Mazda American Credit*, 385 F.
26  Supp.2d 1063 (E.D. Cal. 2005); *Campos v. Western Dental Services, Inc.*, 404 F. Supp.2d 1164
27  (N.D. Cal. 2005).  These cases are inapposite.  They involved large classes of plaintiffs, where
28  the question of the state law claims predominating was squarely at issue, and where the
    likelihood of chilling future suits was far greater.  By contrast, it is not at all clear that individual

1  plaintiffs (not part of a class), including Plaintiffs here, would be better off having a separate
2  action filed in state court or small claims court, rather than defending a counterclaim in an action
3  they brought in a forum they chose.  Plaintiffs provide little reasoned analysis as to why it would
4  be better for Plaintiffs to be subject to a separate action in a different court on Defendants'
5  breach of contract claim.  Because there is no basis for a finding of "exceptional circumstance,"
6  the court will not refuse to exercise supplemental jurisdiction under subsection (4) of 28 U.S.C.
7  § 1367(c).  There is no other basis under Section 1367(c) upon which the court properly could
8  decline to hear Defendants' state counterclaim.  Plaintiffs' Motion to Dismiss Counterclaims is,
9  therefore, DENIED.

11 IT IS SO ORDERED.

12 Dated: July 27, 2006                              */s/ Wayne D. Brazil*
13                                                              WAYNE D. BRAZIL
                                                                United States Magistrate Judge

16 Copies to:
   Parties, WDB, Stats